IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BRIGADE LEVERAGED CAPITAL STRUCTURES FUND LTD., *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>ALEJANDRO GARCIA-PADILLA, *et als.*,<br><br>**Defendants.** | **Civil No.** 16-1610 (FAB) |
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION,<br><br>**Plaintiff**,<br><br>v.<br><br>ALEJANDRO GARCIA-PADILLA, *et al.*,<br><br>**Defendants.** | **Civil No.** 16-2101 (FAB) |
| DIONISIO TRIGO-GONZALEZ, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>ALEJANDRO GARCIA-PADILLA, *et al.*,<br><br>**Defendants.** | **Civil No.** 16-2257 (FAB) |

**MEMORANDUM AND ORDER**

Before the Court are the parties' arguments as to whether the automatic stay provision of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") applies to these three actions. For the following reasons, the Court holds that it does

and **STAYS** these cases pursuant to section 405(b)(1) of PROMESA. The Court will hold a hearing to determine whether there is cause to grant plaintiffs relief from the stay pursuant to section 405(e) of PROMESA.

## I.  BACKGROUND

**A.  The Moratorium Act**

On April 6, 2016, Puerto Rico enacted the Puerto Rico Emergency Moratorium and Financial Rehabilitation Act ("Moratorium Act") to address the Puerto Rico Government's dire fiscal situation.  The Moratorium Act aims to give the Puerto Rico Government the "tools" it needs "to continue providing essential services to the people" of Puerto Rico in light of the Government's lack of "sufficient resources to comply with debt service obligations as originally scheduled."  Moratorium Act, Stmt. of Motives, § A.  On May 5, 2016, Puerto Rico enacted Law 40 of 2016, which amended certain provisions of the Moratorium Act.

**B. The Present Litigation**

In May and June 2016, plaintiffs in these three cases brought suit against various Commonwealth of Puerto Rico defendants[1] challenging the constitutionality of the Moratorium Act.

**1.   Civil No. 16-1610**

Plaintiffs in Civil No. 16-1610 allege that they collectively own more than $750 million of bonds issued by the Government Development Bank for Puerto Rico ("GDB").  (Civil No. 16-1610, Docket No. 52 at p. 4.)  They allege that certain provisions of the Moratorium Act "strip" them of the "contractual and property rights embodied in their existing GDB bonds."  Id. at p. 13.

Plaintiffs seek a declaration that sections 105, 201(b), 201(c), 203(b)(i), 203(f), 301, 302, and 401 of the Moratorium Act (1) violate the contract and takings clauses of the United States and Puerto Rico constitutions, (2) violate the Commerce Clause of

---

[1] All plaintiffs bring suit against Alejandro Garcia-Padilla (in his official capacity as Governor of Puerto Rico) and Juan Zaragoza-Gomez (in his official capacity as Secretary of the Puerto Rico Treasury Department).  Additionally, plaintiffs in Civil No. 16-1610 bring suit against John Doe (in his or her official capacity as receiver for the Government Development Bank for Puerto Rico ("GDB")).  (Civil No. 16-1610, Docket No. 52.)  Plaintiff in Civil No. 16-2101 brings suit against Luis Cruz-Batista (in his official capacity as Director of the Puerto Rico Office of Management and Budget).  (Civil No. 16-2101, Docket No. 1.)  Plaintiffs in Civil No. 16-2257 bring suit against the GDB, the Puerto Rico Public Finance Corporation ("PRPFC"), Melba Acosta-Febo (in her official capacity as President of the GDB and the PRPFC), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("PRFAFAA"), and Victor Suarez-Melendez (in his official capacity as Executive Director of the PRFAFAA).  (Civil No. 16-2257, Docket No. 1.)

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                                4

the United States Constitution, (3) are preempted by the Bankruptcy Clause of the United States Constitution and by section 903(1) of the Bankruptcy Code, 11 U.S.C. § 903(1), and (4) violate the United States Constitution by staying federal court proceedings.  (Civil No. 16-1610, Docket No. 52 at pp. 31-32.)  They also seek an injunction prohibiting the Commonwealth defendants from enforcing these provisions, costs, attorneys' fees, experts' fees, expenses of suit, and "compensation or other legal or equitable relief as the Court may deem just and proper."  Id.

**2.   Civil No. 16-2101**

Plaintiff in Civil No. 16-2101 alleges that it insures approximately $3.84 billion of bonds issued by the Commonwealth of Puerto Rico and its related entities.  (Civil No. 16-2101, Docket No. 1 at p. 1.)  It further alleges that it "has a variety of property and contractual rights relating to the debt that it insures" and that the "Moratorium Act has taken these property interests and substantially impaired these contractual rights." Id. at pp. 15-16.

Plaintiff seeks a declaration (1) that sections 201 and 202 of the Moratorium Act violate the Contract Clause and Takings Clause of the United States Constitution, (2) that sections 201(a), (b), (d), and (e) of the Moratorium Act are preempted by the Bankruptcy Clause of the United States Constitution and by section 903(1) of the Bankruptcy Code, 11 U.S.C. § 903(1), and (3) that

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                              5

section 201(b) of the Moratorium Act violates the United States Constitution by staying federal court proceedings.  (Civil No. 16-2101, Docket No. 1. at pp. 31-32.)  It also seeks an injunction prohibiting the Commonwealth defendants from enforcing these provisions, costs, reasonable attorneys' fees, and "any other relief [that the] Court deems just and proper."  Id.

### 3.   **Civil No. 16-2257**

Plaintiffs in Civil No. 16-2257 allege that they collectively own more than $100 million of bonds issued by the GDB and the Puerto Rico Public Finance Corporation ("PRPFC").  (Civil No. 16-2257, Docket No. 1 at p. 4.)  They allege that the Moratorium Act "serves to substantially impair the obligations of [the] GDB and [the PRPFC] under the bonds" that plaintiffs own and that executive orders pursuant to the Moratorium Act deprive plaintiffs "of their proprietary right to existing and future funding for the contractually scheduled payment of interest and repayment of principal upon their bonds . . . without just compensation."  Id. at p. 3.

Plaintiffs seek a declaration that sections 105, 201, 203, 301, 302, and 401 of the Moratorium Act (1) violate the contract and takings clauses of the United States and Puerto Rico constitutions, (2) are preempted by the Bankruptcy Clause of the United States Constitution and by section 903(1) of the Bankruptcy Code, 11 U.S.C. § 903(1), and (3) violate the United States

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                              6

Constitution by staying federal court proceedings.  (Civil No. 16-2257, Docket No. 1 at pp. 14-15.)  They also seek an injunction prohibiting the Commonwealth defendants from enforcing these provisions and "other legal and/or equitable relief as the Court deems just and proper."  Id.

**C.   PROMESA**

On June 30, 2016, the United States enacted PROMESA to address the fiscal emergency in Puerto Rico.  PROMESA establishes a seven-member Financial Oversight and Management Board ("Oversight Board") for Puerto Rico.  PROMESA §§ 101(b)(1), (e)(1)(A), 48 U.S.C.A. § 2121(b)(1), (e)(1)(A).  "The purpose of the Oversight Board is to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets."  Id. § 101(a).  The Oversight Board operates as an entity within the Puerto Rico Government, id. § 101(a), and is tasked with several responsibilities and endowed with several powers.  PROMESA envisions that the Oversight Board will be fully appointed by September 15, 2016, and fully operational sometime thereafter.  Id. §§ 101(e)(2)(G), (h).

Section 405 of PROMESA provides for an automatic stay of certain actions against the Government of Puerto Rico upon PROMESA's enactment.  PROMESA § 405, 48 U.S.C.A. § 2194.  The United States Congress deemed that "an immediate - but temporary - stay is essential to stabilize the region for the purposes of resolving" Puerto Rico's fiscal crisis.  Id. § 405(m)(5).  The stay

"allow[s] the Government of Puerto Rico a limited period of time during which it can focus its resources on negotiating a voluntary resolution with its creditors instead of defending numerous, costly creditor lawsuits."  Id. § 405(n)(2).  The stay also gives the Oversight Board time "to determine whether to appear or intervene on behalf of the Government of Puerto Rico in any litigation."  Id. § 405(m)(5)(A).

The automatic stay remains in effect until the earlier of (1) February 15, 2017, with a possible extension of sixty or seventy-five days, or (2) the date on which the Oversight Board files a petition on behalf of the Government of Puerto Rico or any of its instrumentalities to commence debt-adjustment proceedings pursuant to title III of PROMESA.  PROMESA § 405(d), 48 U.S.C.A. § 2194(d).  "[A] party in interest," however, may seek relief from the stay "for cause shown."  Id. § 405(e).

## II.  DISCUSSION

The Commonwealth defendants move the Court to stay these three actions pursuant to section 405(b)(1) of PROMESA.  (Civil No. 16-1610, Docket No. 76; Civil No. 16-2101, Docket No. 28; Civil No. 16-2257, Docket No. 5.)  Plaintiffs argue that section 405(b)(1) does not apply to these actions because plaintiffs' claims are not "with respect to a Liability" as required by section 405(b) and because section 405 lacks clear and convincing evidence of congressional intent to bar constitutional claims.  (Civil

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                              8

No. 16-1610, Docket Nos. 71, 79, 87; Civil No. 16-2101, Docket No. 36; Civil No. 16-2257, Docket No. 11.)  In the event that the stay applies, however, plaintiffs seek relief from the stay. (Civil No. 16-1610, Docket Nos. 71, 79, 87; Civil No. 16-2101, Docket No. 36; Civil No. 16-2257, Docket No. 11.)  The Court consolidated these cases for the purpose of resolving the issue of whether the PROMESA stay applies.  (Civil No. 16-1610, Docket No. 83; Civil No. 16-2101, Docket No. 38; Civil No. 16-2257, Docket No. 12.)

**A.   The PROMESA Stay Provision Applies to Plaintiffs' Claims**

Section 405(b)(1) of PROMESA provides as follows:

(b) Except as provided in subsection (c) of this section, the establishment of an Oversight Board for Puerto Rico (i.e., the enactment of [PROMESA]) in accordance with [section 101 of PROMESA] operates with respect to a Liability as a stay, applicable to all entities (as such term is defined in [11 U.S.C. § 101]), of -

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Government of Puerto Rico that was or could have been commenced before the enactment of [PROMESA], or to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of [PROMESA.]

PROMESA § 405(b)(1), 48 U.S.C.A. § 2194(b)(1).[2]  Thus, immediately upon enactment, PROMESA stayed, "with respect to a Liability[,] .

---

[2] Section 405(b) of PROMESA is modeled after the automatic stay provision of the federal Bankruptcy Code.  Compare PROMESA § 405(b), 48 U.S.C.A. § 2194(b), with 11 U.S.C. § 362(a).  Section 405(b)'s requirement that the stay apply only "with respect to a Liability," however, has no analogue in the federal Bankruptcy Code's automatic stay provision.

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                    9

. . . the commencement or continuation . . . of a judicial . . . action . . . against the Government of Puerto Rico that was or could have been commenced before the enactment of [PROMESA]." Id.

There is no dispute that these consolidated cases are judicial actions against the Government of Puerto Rico[3] that were or could have been commenced before PROMESA's enactment. The parties disagree as to whether these cases are actions "with respect to a Liability."

> PROMESA defines "Liability" as follows:
>
> The term "Liability" means a bond, loan, letter of credit, other borrowing title, obligation of insurance, or other financial indebtedness for borrowed money, including rights, entitlements, or obligations whether such rights, entitlements, or obligations arise from contract, statute, or any other source of law related to such a bond, loan, letter of credit, other borrowing title, obligation of insurance, or other financial indebtedness in physical or dematerialized form, of which
>
>   (A)   the issuer, obligor, or guarantor is the Government of Puerto Rico; and
>
>   (B)   the date of issuance or incurrence precedes June 30, 2016.

PROMESA § 405(a)(1), 48 U.S.C.A. § 2194(a)(1) (emphasis added). Thus, PROMESA automatically stays actions "with respect to" "rights, entitlements, or obligations . . . related to . . . a

---

[3] The "Government of Puerto Rico" means "the Commonwealth of Puerto Rico, including all its territorial instrumentalities." PROMESA § 5(11), 48 U.S.C.A. § 2104(11). Section 405 of PROMESA specifies that the "Government of Puerto Rico" also includes "the individuals, including elected and appointed officials, directors, officers of and employees acting in their official capacity on behalf of the Government of Puerto Rico." Id. § 405(i)(1).

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                          10
---

bond" issued by the Government of Puerto Rico before June 30, 2016. Id. §§ 405(a)(1), (b).

   Here, plaintiffs argue that their claims are not "with respect to a Liability" because they arise out of the United States and Puerto Rico constitutions, not out of bonds that they own or insure.  See Civil No. 16-1610, Docket No. 71 at pp. 8-11; Civil No. 16-2101, Docket No. 36 at pp. 3-5; Civil No. 16-2257, Docket No. 11 at p. 4.  "With respect to," however, does not mean "arising out of"; it means "about or concerning" and "in relation to." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/with%20respect%20to.  Thus, the PROMESA stay extends to actions that are about, concern, and relate to a "Liability." Nothing in PROMESA's statutory text indicates that claims have to "arise out of a Liability" to be included in the scope of the stay.

   Plaintiffs allege in their complaints that they own or insure bonds issued by the Government of Puerto Rico before June 30, 2016, and that the Moratorium Act both impairs contractual rights related to those bonds and effects a taking without just compensation of property interests related to the bonds.  These allegations are not incidental.  Plaintiffs' standing to challenge the constitutionality of the Moratorium Act hinges on whether the Moratorium Act is causing them a concrete and particularized injury and whether the relief that they seek (a declaration that the Moratorium Act is unconstitutional and an injunction prohibiting

<u>Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)</u>                              11

defendants from enforcing it) will redress the injury. <u>See</u> <u>Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council</u>, 589 F.3d 458, 467 (1st Cir. 2009) ("A plaintiff wishing to establish standing must show a concrete and particularized injury in fact, a causal connection that permits tracing the claimed injury to the defendant's actions, and a likelihood that prevailing in the action will afford some redress for the injury."  (internal quotation marks and citation omitted)).  Without plaintiffs' allegations that the Moratorium Act impairs and effects a taking of rights and entitlements related to the bonds that they own or insure, plaintiffs have no standing to bring these claims.  Plaintiffs' claims therefore are about, concern, relate to, and are "with respect to" "rights" and "entitlements" "related to" bonds issued by the Government of Puerto Rico.  <u>See</u> PROMESA § 405(a)(1), (b), 48 U.S.C.A. § 2194(a)(1), (b).

Accordingly, the consolidated actions fall squarely within the scope of cases automatically stayed pursuant to section 405(b)(1) of PROMESA.

**B.  The PROMESA Stay Provision Does Not Completely Bar Judicial Review**

Plaintiffs argue that PROMESA's stay provision lacks the "'clear and convincing' evidence of congressional intent required" by the United States Supreme Court in <u>Johnson v. Robison</u>, 415 U.S. 361, 373-74 (1974), to interpret a statute as "restrict[ing] access to judicial review."  <u>See</u> Civil No. 16-1610, Docket No. 71 at

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                     12

pp. 11-13; Civil No. 16-2101, Docket No. 36 at pp. 5-6; Civil No. 16-2257, Docket No. 11 at p. 5.  The statute in Johnson provided that "no . . . court of the United States shall have power or jurisdiction to review" certain decisions by the Administrator of Veterans' Affairs.  415 U.S. at 367.  In other words, Johnson involved a statute that totally barred judicial review of certain claims.  The Supreme Court refused to extend this bar to constitutional claims because, among other reasons, "neither the text nor the scant legislative history of [the statute] provide[d] the 'clear and convincing' evidence of congressional intent required . . . before a statute will be construed to restrict access to judicial review."  Id. at 373–74.  This "heightened showing" of clear and convincing evidence is required "in part to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim."  Webster v. Doe, 486 U.S. 592, 603 (1988).

The First Circuit Court of Appeals applied the Johnson standard in Reardon v. United States, 947 F.2d 1509 (1st Cir. 1991).  The statute in Reardon completely barred "judicial review of EPA actions prior to the time that the EPA or a third party undertakes a legal action to enforce an order or to seek recovery of costs for the cleanup of a hazardous waste site."  947 F.2d at 1512 (quoting Reardon v. United States, 731 F. Supp. 558, 564

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                         13

n.8 (D. Mass. 1990)) (citing 42 U.S.C. § 9613(h)). The court declined to extend this bar to the plaintiffs' constitutional claim because, among other reasons, it did not find "clear congressional intent to preclude the type of constitutional claim [that the plaintiffs were making]." Id. at 1515.

Unlike the statutes in Johnson and Reardon, however, the PROMESA stay provision does not bar judicial review because it gives this Court the power to grant parties relief from the stay and to review their claims "for cause shown" or "to prevent irreparable damage." PROMESA §§ 405(e), (g), 48 U.S.C.A. §§ 2194(e), (g). Thus, PROMESA's stay provision does not raise constitutional concerns because it does not foreclose, deny, or restrict judicial review of constitutional claims. Accordingly, Johnson's "clear and convincing" standard does not apply here.

**C.  Plaintiffs May Show Cause for Relief from the PROMESA Stay**

Plaintiffs move the Court for relief from the PROMESA stay. (Civil No. 16-1610, Docket Nos. 71 at pp. 14-19, 79 at p. 3, 87 at pp. 9-13; Civil No. 16-2101, Docket No. 36 at pp. 7-9; Civil No. 16-2257, Docket No. 11 at pp. 4-5.) Section 405(e) of PROMESA provides that this Court, "[o]n motion of or action filed by a party in interest and after notice and a hearing, . . . for cause shown, shall grant relief from the stay provided under subsection (b) of this section." PROMESA § 405(e)(2), 48 U.S.C.A. § 2194(e)(2). The Court will schedule a hearing on the matter to

Civil Nos. 16-1610, 16-2101, 16-2257 (FAB)                                    14

determine whether there is cause for granting plaintiffs relief from PROMESA's automatic and temporary stay.

### III.  CONCLUSION

The Court **GRANTS** the Commonwealth defendants' motions to stay these cases, (Civil No. 16-1610, Docket No. 76; Civil No. 16-2101, Docket No. 28; Civil No. 16-2257, Docket No. 5).  These cases are **STAYED** pursuant to section 405(b)(1) of PROMESA.  The stay shall continue until February 15, 2017, or as otherwise provided in section 405(d) of PROMESA, unless plaintiffs show cause for relief from the stay pursuant to section 405(e) of PROMESA.  The Court will schedule a hearing pursuant to section 405(e) to determine whether there is cause to lift the stay.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 22, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE